IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,921-01






EX PARTE REGINALD LYNN HARRIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0770646D IN CRIMINAL DISTRICT COURT NO. ONE


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity, to wit: aggravated assault with a deadly weapon, and sentenced to
ninety-nine (99) years' imprisonment. The Second Court of Appeals affirmed his conviction. Harris
v. State, No. 02-01-348-CR (Tex. App. - Fort Worth, May 1, 2003, P.D.R. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance by: failing to
investigate and call witnesses in mitigation at punishment; failing to object to inadmissible double
hearsay; eliciting harmful testimony that would not have come in otherwise; and failing to request
a jury instruction on the lesser included offense of aggravated assault.

 The trial court has entered findings of fact or conclusions of law finding that counsel was
effective. However, we do not believe that those factual findings are supported by the record. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. Applicant's trial counsel has had ample opportunity to
respond to applicant's claim of ineffective assistance of counsel, but the trial court may order an
affidavit from counsel if it finds that such would be helpful in resolving applicant's claim. 
Additionally, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d),
including holding a hearing. In the appropriate case, the trial court may rely on its personal
recollection. Id.

 Applicant is represented by counsel but also may be indigent. If the trial court elects to hold
a hearing, it shall determine whether applicant is indigent. If applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint counsel to represent applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04.

 Following the receipt of additional information, the trial court shall make findings of fact as
to whether applicant's trial attorney performed deficiently by failing to investigate and call witnesses
in mitigation at punishment; failing to object to inadmissible double hearsay; eliciting harmful
testimony that would not have come in otherwise; and failing to request a jury instruction on the
lesser included offense of aggravated assault. If the court finds that trial counsel's performance was
deficient, the court shall then make findings of fact as to whether counsel's deficient performance
prejudiced applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of applicant's claim for habeas corpus
relief. The trial court shall supplement the habeas record with copies of all documents upon which
its findings are based, including copies of any hearing transcripts, the trial transcript and the clerk's
record, any additional affidavits, and any other relevant documents.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court.




Filed: June 28, 2006

Do not publish